HUGHES, J., would grant.
WEIMER, J., would grant and docket.
In this second degree murder case, the state's main witness against the defendant sustained an injury-unrelated to the murder incident-that caused the witness to suffer memory loss. At trial, the witness testified to having no memory of the incident, and no memory of making a video-recorded statement for police after the witness was interrogated as a possible accomplice following the incident. During the recorded statement, the witness, who had been accompanied during his interrogation by his father, himself a police officer, implicated the defendant for the murder and for an antecedent attempted robbery. Notwithstanding the witness' inability to meaningfully answer questions on cross-examination about the incident or the recording, the trial court allowed the jury to view the video.
The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." Our state constitution additionally provides, under the heading of "Right to a Fair Trial," that "[a]n accused is entitled to confront and cross-examine the witnesses against him." La. Const. art. I, § 16 (emphasis added).[1]
Commentators have opined that additional wording of the Louisiana Constitution appears to require greater protections to an accused:
With the language "confront and cross-examine," the Louisiana confrontation clause is broader than its federal counterpart and grants arguably greater protections to a criminal defendant. Consequently, the right to cross-examination should be more meaningful to defendants in criminal trials in Louisiana. However, Louisiana courts have not construed the state confrontation clause as granting more rights than the federal one.
BOBBY MARZINE HARGES AND RUSSEL L. JONES, LOUISIANA EVIDENCE, APPENDIX A, p. 417 (2018 ed.).
In a similar vein, the Co-ordinator of legal research for the Constitutional Convention of 1973 made this observation: "The section [on the Right to a Fair Trial] continues the right of an accused to confront the witnesses against him."
*764 LEE HAR GRAVE, THE DECLARATION OF RIGHTS OF THE LOUISIANA CONSTITUTION OF 1974, 35 LA. L. REV.1, 55 (1974). That is, the previous constitution contained the right to confront witnesses. However, the present constitution "also adds language to specify that this includes cross-examination." Id .[2]
In a case cited by the defendant, this court has previously recognized that the federal and state constitutions contain different wording regarding the confrontation rights of an accused. See State v. Robinson , 2001-0273, p. 5 (La. 5/17/02), 817 So.2d 1131, 1135. In Robinson , the court reviewed both state and federal jurisprudence regarding the right of confrontation and cross-examination, and found the trial court had improperly curtailed the defendant's questioning of a witness about the witness' alleged mental disability. Id. , 2001-0273 at 5-9, 817 So.2d at 1135-37. Our ultimate finding of a constitutional violation relied on the federal Sixth Amendment; thus, this court left for another day the question of whether the different wording of the federal and Louisiana Constitutions means that Louisiana's Constitution provides more stringent procedures. See id. , 2001-0273 at 7-8, 817 So.2d at 1136-37.
From the record presently before this court, it appears that the day has arrived where the court is squarely faced with deciding whether the Louisiana Constitution's explicit mention of the right of cross-examination is broader than its federal counterpart. Thus, I respectfully disagree with the majority's writ denial, and instead would grant and docket this case to explore, among other issues, whether the Louisiana Constitution requires greater safeguards than the Sixth Amendment.

Although I find the constitutional issues in this case most pressing, I note that statutorily, someone who "[t]estifies to a lack of memory of the subject matter of his statement" is considered "unavailable as a witness" and certain out-of-court statements of such a witness are therefore deemed admissible. See La. C.E. art. 804(A)(3) and (B). From all that presently appears, the witness' statements here might not qualify for admissibility under the situations described in La. C.E. art. 804(B).

By contrast, Article 1, § 9 of the Louisiana Constitution of 1921 in pertinent part described only the right to confront witnesses, and was silent on cross-examination: "The accused in every instance shall have the right to be confronted with the witnesses against him ...."